# CRIMINAL COURT OF BALTIMORE CITY.

Filed April 26, 1912.

## STATE
### VS.
## JOSEPH BURKETT.

*Assistant State's Attorney Horton S. Smith* for the State.

*Stinchcomb & New* for traverser.

ELLIOTT, J.—

Overruling demurrer of State to special plea.

The traverser has been indicted for an alleged unlawful interference with the occupant of stall No. 330, within the limits of Lexington Market, as prescribed by ordinance of the Mayor and City Council of Baltimore, which stall is located on the east side of Eutaw street, south of Saratoga and north of Lexington street. The interference complained of was the placing of a horse and wagon within the space marked out for said stall and in front of the store leased and occupied by the employer of the traverser, on the east side of Eutaw street, running southerly from Saratoga street toward Lexington street, on the eighth day of December last, it being one of the regular market days prescribed by ordinance, within the time during which the market was open, and refusing to move said horse and wagon upon the order of the market master.

The order was given on the theory that the license and occupier of said stall had at the time exclusive right to use and occupy said space, by virtue of the license issued to him by the Mayor and City Council of Baltimore. The space above mentioned has been within the limits of Lexington Market, at least since the twenty-seventh day of July, 1858, when, by ordinance No. 27, approved on said date, it was provided by section 2 that said market should include all streets between Howard and Pearl streets, north to Saratoga and south to Fayette.

By said section it was, however, provided that no wagon, cart or other carriage was to be so placed as to prevent

the access of any other wagon, cart or other carriage to the curbstone opposite any building, without the consent of the owner or occupier of such building, and a fine was provided for so placing.

The provision referred to above still remains and is codified as section 97 of the city code of 1906.

It would not answer any useful purpose to enter into a discussion as to the rights which an abutting owner has in the bed of the street, in front of his property, or as to whether or not he can be deprived of those rights without compensation, as the law on that subject is not at all uncertain. It has been suggested, however, on behalf of the State, that there has arisen, by prescription, a right in the Mayor and City Council to lease the space along the curb and in front of the buildings on Eutaw street for market purposes.

Such a right cannot, however, be admitted, and for a very simple reason that a title by prescription must be exclusive and adversary, while by the terms of the ordinance, it is provided that it may be "with the consent of the owner or occupier of such building" and the presumption doubtless is that during all these years the occupancy of the space along the curb has been with the consent of the said owner or occupier.

It can hardly be now claimed that the owner or occupier has so far lost his rights as to preclude his right to use the street in front of his own premises.

The court is therefore of the opinion that no wrong has been committed and the demurrer of the State must be overruled and the indictment quashed.